UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson,<br><br>Plaintiff,<br><br>v.<br><br>FindJodi.com, Inc. et al.,<br><br>Defendants. | Case No. 21-cv-1777 (SRN/DTS)<br><br>**ORDER** |

Tony Dejuan Jackson, OID #197562, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Tony Jackson's Objection [Doc. No. 15] to United States Magistrate Judge Leo I. Brisbois' November 8, 2021 Report and Recommendation ("R&R") [Doc. No. 12]. In the R&R, Magistrate Judge Leo I Brisbois recommended that Jackson's claims against the Defendant United States District Court, District of Minnesota be dismissed with prejudice, and Jackson's remaining claims be dismissed without prejudice. The magistrate judge also recommended that Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2], Service Motion [Docket No. 5], Copy Motion [Docket No. 7], Counsel Motion, [Docket No. 9], and Relation Back Motion [Doc. No. 10] be denied as moot. For the reasons set forth below, the Court overrules Jackson's Objection, adopts the R&R, dismisses the case, and denies Jackson's motions as moot.

1

I.  **BACKGROUND**

   A.  **Factual History**

Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota. (Compl. [Doc. No. 1] at 5.) He was previously convicted of sexual assault in Ramsey, Washington, and Dakota counties. *State v. Jackson*, No. A16-1013, 2017 WL 1053108, at *1 (Minn. Ct. App. Mar. 20, 2017). The Washington County District Court found him to be a patterned sex offender. *Id.* In light of that finding, the Ramsey County District Court sentenced him to a mandatory life sentence under Minn. Stat. § 609.346, subd. 2a(a) (1996). *Id.* Jackson has appealed these convictions in state court. *Id.*[1]

   B.  **Procedural History**

On August 3, 2021, Jackson filed the instant action, alleging dozens of unrelated claims against approximately 21 parties.[2] His claims range from slander, money laundering, and conspiracy to unsafe prison conditions, unconstitutional sentencing, and the denial of mandatory sex offender treatment. (*See* Compl. at 49, 50, 61, 69.)

---

[1] Jackson has also filed numerous actions in federal court contesting his convictions and sentence. *See e.g.*, *Jackson v. Bruton*, No. 00-cv-02029 (DSD/ESS); *Jackson v. Roy, et al.*, No. 11-cv-03738 (DSD/JJK); *Jackson v. Roy, et al.*, No. 11-cv-03739 (DSD/JJK); *Jackson v. Roy, et al.*, No. 11-cv-03740 (DSD/JJK); *Jackson v. Find Jodi, Com Inc et al.*, No. 20-cv-00353 (SRN/ECW); *Jackson v. Schnell*, No. 20-cv-01951 (BCW).

[2] As Magistrate Judge Brisbois notes, the caption of the Complaint is unclear. (R&R at 3; Compl. Caption.)

### 1. The Report and Recommendation

In the R&R, the magistrate judge carefully screens Jackson's numerous claims under 28 U.S.C. § 1915A. He concludes that the claims against Defendant United States District Court, District of Minnesota must be dismissed because these claims are barred by the doctrine of sovereign immunity. (R&R at 7.) The magistrate judge also found that the remaining claims were insufficiently pled and/or violated the rules regarding joinder under Rule 20(a)(2) of the Federal Rules of Civil Procedure. (*Id.* at 7–11.) In light of that conclusion, the magistrate judge recommends dismissal of this action.

### 2. Jackson's Objection and Amended Complaint[3]

Jackson objected to the R&R [Doc. No. 15]. He contends that his complaint should have been transferred outside of the District of Minnesota, asserting that all Minnesota federal judges are prohibited from adjudicating his claims under an order issued by Judge

---

[3] Because Jackson believes Magistrate Judge Brisbois has exhibited bias, he filed an amended complaint. (Am. Compl. [Doc. No. 17] at 1, 61.) The amended complaint addresses none of the deficiencies identified in the R&R but adds Magistrate Judge Brisbois as a defendant. (*Id.*) Magistrate Judge Brisbois is immune from civil suit based on allegations of misconduct while performing his judicial duties. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (finding a judge was entitled to absolute immunity for damages caused by a likely invalid warrant, holding that judicial immunity is grounded in a "general principle of the highest importance, that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself") Thus, in screening Jackson's amended complaint, the Court finds this additional claim to be frivolous and futile. *Dalton v. Fikes*, 19-cv-2209 (NEB/LIB), 2020 WL 5105776, at *1 (D. Minn. Aug. 31, 2020) (construing a plaintiff's "supplement to his complaint," which contained new causes of action and new defendants, which was filed after a magistrate recommended dismissal pursuant to 28 U.S.C. § 1915A, as a motion to amend, and denying that motion because of futility), aff'd, 20-3475, 2021 WL 2201153 (8th Cir. Mar. 1, 2021).

Tunheim in a different lawsuit. (Obj. at 2 (citing Exs. [Doc. No. 16] at S-2[4]).) Citing that order, Jackson asserts that the Minnesota federal judges are "acting in the absence of all jurisdiction." (Obj. at 3.) Additionally, he argues that the "imminent danger" exception applies to the three strikes rule set forth in 28 U.S.C. 1915(g), and that Rule 8(a)(2) and rule 20(a)(2) of the Federal Rules of Civil Procedure are inapplicable to his case. (Obj. at 4.) Finally, he alleges that Magistrate Judge Brisbois has shown personal bias or prejudice towards him. (Obj. at 5–6.)

## II.  STANDARD OF REVIEW

The district court reviews *de novo* those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). However, "[a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006); *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

As Magistrate Judge Brisbois noted, Jackson is currently incarcerated and therefore, his complaint is subject to screening under 28 U.S.C §1915A. (Compl. at 5.) The Court is empowered to dismiss his complaint or any portion of his complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. In doing so, the Court is mindful that Jackson proceeds pro se, and will liberally construe

---

[4] The Court cites to the numbering system used by Plaintiff in his Exhibits.

his pleadings. *See Sandknop v. Missouri Dept. of Corrections*, 932 F.3d 739, 742 (8th Cir. 2019) (finding a pro se litigant's § 1983 claim was properly dismissed, even when construed liberally, when his complaint did not contain sufficient allegations to overcome qualified immunity, this was true even when the complaint was construed liberally).

### III. DISCUSSION

#### A. This Court is Not Disqualified From Ruling on This Case

Jackson objects to the R&R, arguing that all federal judges in Minnesota are disqualified from ruling on his case. (Obj. at 3.) He is mistaken. First, his argument relies on an order filed in a different case that has no bearing on this case. *Jackson v. Schnell et al.*, 0:20-cv-0 1951, September 9, 2020 Order, [Doc. No. 7] (disqualifying all District of Minnesota Judges and Magistrate Judges from that action). Second, the Court agrees with Magistrate Judge David T. Schultz[5]—who has already denied his motion to disqualify—that "[t]he Court policy that led to plaintiff's previous case being reassigned has been modified since that time and there has been no showing to justify taking such action in this matter." (January 12, 2022 Order [Doc. No. 19] at 1.)

#### B. The Minnesota District Court is Entitled to Sovereign Immunity

In his objection, Jackson contends that the District of Minnesota is not entitled to sovereign immunity because it lacks jurisdiction to hear this case. (Obj. at 3.) The doctrine of sovereign immunity "shields the Federal Government and its agencies from suit." *Mader*

---

[5] Magistrate Judge Schultz was reassigned to Jackson's case after Jackson filed his amended complaint, which added Magistrate Judge Brisbois as a Defendant. (*See* Notice of Reassignment [Doc. No. 18])

5

*v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). Thus, as a federal government entity, the District of Minnesota is shielded from *all* suits. *See Covarrubias v. U.S. Dist. Ct. for Dist. of Nebraska*, No. 18-cv-0283 (RGK), 2019 WL 2420286, at *2 (D. Neb. June 10, 2019) (emphasis added).

Jackson makes no showing that the United States waived its sovereign immunity, and without that waiver, the District Court cannot be sued for any reason. *See Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("[T]he United States and its agencies are not proper defendants because of sovereign immunity."); *see also Regis v. Devi*, No. 12-cv-1673 (MJD/JJK), 2013 WL 1703992, at *1 (D. Minn. Apr. 19, 2013) ("[T]he Bankruptcy Court itself is not a proper defendant because it is protected by sovereign immunity."). All claims against the United States District Court, District of Minnesota must be dismissed with prejudice.

    **C.**    **Jackson's Objection Invoking the "Imminent Danger" Exception is Without Merit**

Jackson next objects to the R&R by arguing that he is eligible for IFP status. (Obj. at 3.) A "party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004)). Here, Jackson argues that he is eligible for IFP status under the "imminent danger" exception in 28 U.S.C. § 1915(g), citing Covid-19 exposure. (Obj. at 3.) However, he never raised this issue in his original complaint or his amended complaint.

As explained in *Hammann*, the Court will not consider this argument because Jackson failed to present it to the magistrate judge. *Hammann*, 455 F. Supp. 2d at 947–48.

### D. Jackson Has Failed to Comply With Rule 8(a)(2) and Rule 20(a)(2) of the Federal Rules of Civil Procedure

#### 1. Jackson has Failed to Sufficiently Plead his Claims

Jackson also objects to the R&R by arguing that his complaint is not governed by Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Obj. at 3.) Plaintiff contends that, because he alleges fraud in his complaint, it is subject instead to the standards in Rule 9(b). (*Id.*) However, Rule 9(b) creates a heightened pleading standard for fraud claims, which requires that litigants plead circumstances of fraud with particularity. Fed. R. Civ. P. 9(b). Jackson's complaint fails to comply with either pleading standard.

#### 2. Jackson has Failed to Comply With the Joinder Requirements under Rule 20(a)(2)

As Magistrate Judge Brisbois explained, Jackson is free to bring any claim he has against an individual defendant in a single action under Federal Rule of Civil Procedure Rule 18(a). *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987). However, once Jackson brings a claim against two or more defendants, he must satisfy the requirements of Rule 20(a)(2). This means that Jackson must allege that he is suing all defendants because they were involved in one "transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P 20(a)(2). To join multiple defendants, there must be "questions of law or fact in common to all defendants." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (quoting Rule 20(a)(2)). In Jackson's complaint, no such common question exists.

Notably, this is not the only action in which Jackson has brought this type of pleading. *See, e.g.*, *Jackson v. Schnell*, No. 20- cv-1951 (BCW) Order [Docket No. 17] at 2–3 (D. Minn. Apr. 29, 2021) (explaining that his complaint suffered from misjoinder); *Jackson v. Walz*, No. 19-cv-2612 (JNE/LIB) R&R [Docket No. 15] at 5–6 (D. Minn. Feb. 19, 2020) (recommending dismissal of "kitchen-sink pleading"); *R&R adopted*, 2020 WL 1442641, at *1 (D. Minn. Mar. 24, 2020); *Jackson v. Dayton*, No. 17-cv-0880 (WMW/TNL), 2018 WL 4473403, at *10 (D. Minn. Apr. 2, 2018), *R&R adopted*, 2018 WL 3696600 (D. Minn. Aug. 3, 2018).

### E. Magistrate Judge Brisbois Has Not Shown Bias or Prejudice Concerning Jackson

Jackson's final objection to the R&R rests on the argument that Magistrate Judge Brisbois showed bias and/or prejudice towards Jackson, and therefore the Court should not adopt his R&R. (Obj. at 4.) Specifically, Jackson contends that the following statement in the R&R proves bias:

> To the extent that Plaintiff wants the Court to review the Complaint Exhibits to determine what causes of action might apply to various Defendants, the Court declines the invitation. It is Plaintiff's job—not the Court's—to craft his Complaint. The Court has not looked—and will not look—through the Complaint Exhibits to find relevant allegations or suggest possible causes of action.

(R&R at 3 n.3.) Jackson believes that Magistrate Judge Brisbois is "clearly punishing" him for issues that are unrelated to the complaint. (Obj. at 4.) The Court disagrees.

A brief review of the R&R confirms that the Magistrate Judge does not claim to have ignored the exhibits that Jackson submitted; instead, he explains that his job ends at evaluating the claims made—not identifying possible causes of action. (R&R at 3 n.3.) The

Magistrate Judge is correct that he is not responsible for determining what causes of action fit the submitted exhibits—such is the litigants' responsibility. *See Murrin v. Avidigm Capital Grp., Inc.*, No. 7-cv-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (declining to look through documents to find "evidence that might establish a prima facie case" for certain claims (citing cases)). Magistrate Judge Brisbois accurately stated the law and did not show prejudice or bias towards Jackson. Thus, the Court overrules Jackson's objections, and adopts Magistrate Judge Brisbois' R&R in its entirety.

## IV. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 15] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 12] is **ADOPTED**;

3. Plaintiff's Complaint [Doc. No. 1] and Amended Complaint [Doc. No. 17] are **DISMISSED** as follows

    a. Plaintiff's claims against Defendant "United States District of Minnesota" and Magistrate Judge Brisbois are **DISMISSED with prejudice**;

    b. Plaintiff's remaining claims are **DISMISSED without prejudice**;

4. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Doc. No. 3] is **DENIED as moot**;

5. Plaintiff's "Motion Asking the Court to [Issue an] Order Requiring the United States Marshal to Serve the Summons and Complaint" [Doc. No. 5] is **DENIED as moot**;

6. Plaintiff's "Motion Requesting Documents be sent free of charge" [Doc. No. 7] is **DENIED as moot**;

7. Plaintiff's "Motion for Appointment Counsel" [Doc. No. 9] is **DENIED as moot**; and

8. Plaintiff's "Motion Requesting a Court Order That Adopts The Relation Back Amendments Regarding Previously Filed Or Prior Pleadings" [Doc. No. 10] is **DENIED as moot**.


Dated: February 4, 2022                                s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge