# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson,<br><br>Plaintiff,<br><br>v.<br><br>FindJodi.com, Inc. et al.,<br><br>Defendants. | Case No. 21-CV-1777 (SRN/DTS)<br><br><br>**ORDER** |

Tony Dejuan Jackson, MCF-Stillwater, 970 Pickett St. North, Bayport, MN 55003, *pro se*.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Tony Dejuan Jackson's Notice of Appeal [Doc. No. 22], which asks the Court to let Jackson proceed *in forma pauperis* ("IFP") on appeal. [*See id.* at 1–2.[1]] For the following reasons, the Court denies Jackson's request to proceed IFP on appeal.

A person unable to pay a civil-action appeal's filing fees may apply for IFP status. *See* 28 U.S.C. § 1915(a). That said, certain restrictions apply to prisoners who seek IFP status. As relevant here,

---

[1] The Court's docket contains two copies of the document filed at Doc. No. 22: one docketed as Jackson's notice of appeal, the other as Jackson's IFP application. [*Compare* Doc. No. 21 *with* Doc. No. 22.] It is unclear to the Court whether Jackson filed the same document twice, or whether the Clerk of Court filed the document twice to account for the same document playing dual roles. For present purposes, the Court treats the document at Doc. No. 22 as Jackson's request to proceed IFP on appeal.

> [i]n no event shall a prisoner . . . appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).

At least two federal courts—including this one—have already found that Jackson has three § 1915(g) "strikes." *See Jackson v. FindJodi.com Inc.*, No. 20-CV-0353 (SRN/ECW), 2020 WL 4915834, at *2 (D. Minn. Aug. 21, 2020) (citing cases); *Jackson v. Dayton*, No. 17-CV-0880 (WMW/TNL), 2018 WL 3696600, at *2 (D. Minn. Aug. 3, 2018). This Court concurs with those decisions' analysis and finds that Jackson has "struck out" of federal court.

As noted above, however, § 1915(g) has an exception for when a prisoner "is under imminent danger of serious physical injury." Jackson's IFP request essentially skips right to this point, pointing to Covid-19's presence at the Minnesota Correctional Facility–Stillwater ("MCF-Stillwater"). [*See* Doc. No. 22 at 1–2; Doc. No. 1 at 34–35.]

The Court concludes that, in this case, the exception does not apply. Jackson suggests that he is at "imminent danger of serious physical injury," but this simply rests on Covid-19's presence at MCF-Stillwater. Jackson provides no individualized analysis suggesting that Covid-19's presence at MCF-Stillwater puts him specifically in any heightened risk of danger. Multiple Eighth Circuit district courts have concluded that such generalized claims are insufficient to invoke the imminent-danger exception. *See, e.g.*, *Burgie v. Pike*,

2

No. 6:20-CV-06013, 2021 WL 1342541, at *2 (W.D. Ark. Feb. 9, 2021) ("[M]ultiple courts have found that general allegations regarding potential COVID-19 exposure are insufficient to establish 'imminent danger' under the three-strike provision." (citing cases)), *report and recommendation adopted*, 2021 WL 1342530 (W.D. Ark. Apr. 9, 2021); *Cole v. Nieman*, No. 4:20-CV-3074, 2020 WL 5545398, at *3 (D. Neb. Sept. 16, 2020) ("While the court understands Plaintiff's general concern about the COVID-19 virus, 'speculation about the mere possibility that he will become infected by the virus does not constitute imminent danger.'" (quoting and citing cases)).  The Court agrees with this point, so concludes that it should deny Jackson's request to proceed IFP on appeal.

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Tony Dejuan Jackson's request—within his Notice of Appeal [Doc. No. 22]—that the Court let Jackson proceed *in forma pauperis* on appeal is **DENIED**.

2. Under Federal Rule of Appellate Procedure 24(a)(4)(A), the Clerk of Court is **DIRECTED** to notify the U.S. Court of Appeals for the Eighth Circuit that this Court has denied Jackson's application to proceed *in forma pauperis* on appeal.

Dated: March 23, 2022

BY THE COURT:

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge